IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 07-32-BU-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STRIDER LEE MOORE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I. Introduction

Defendant Strider Lee Moore was charged in a three-count indictment with conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (Count I); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II); and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count III). Moore has filed two motions. For the reasons set forth below, both motions are denied.

## II.  Analysis

Moore's first motion seeks dismissal of the indictment for failure to connect him to the conspiracy alleged in Count I. Moore contends the only evidence produced by the government during discovery to connect him to the conspiracy is a statement by one alleged coconspirator, indicating he provided Moore with no more than two ounce quantities of cocaine on three or four occasions in the summer of 2005, and hearsay statements by two other coconspirators, indicating Moore was involved in the conspiracy.  Moore argues the latter statements are inadmissible and the former alone is insufficient to support his conviction.

Moore's challenge of the sufficiency of the evidence is not proper at this time.  Motions to test the legal sufficiency of the proof cannot take place until there is proof to test.  A defendant may not "challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).  A motion to dismiss "cannot be used as a device for a summary trial of the evidence." Id.  Rather, Moore's concern regarding the sufficiency of the evidence is appropriately raised in a motion for judgment of acquittal after the government has presented its case-in-chief at trial.  See Fed. R. Crim. P. 29.  Accordingly, Moore's motion to dismiss for failure to connect him to the conspiracy is denied.

Moore's second motion also seeks dismissal of the indictment, or in the alternative, a bill of particulars.  Moore maintains the indictment is insufficient to put him on notice of the nature of the charges against him or allow him to plead double jeopardy against a second prosecution.  Moore notes the indictment does not allege any facts regarding the conspiratorial agreement or overt acts committed in furtherance of the conspiracy and fails to identify other coconspirators.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  "Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged."  United States v. Rodriguez, 360 F.3d 949, 958 (9th Cir. 2004).  Counts II and III of the indictment satisfy this standard.  The counts set forth the elements of possession with intent to distribute cocaine and distribution of cocaine, respectively.  They also contain the dates and places where these offenses were allegedly committed.  This information is sufficient to put Moore on notice of the charges and enable him to plead double jeopardy to a second prosecution.

Count I, the conspiracy count, is also adequately alleged.  "An indictment under 21 U.S.C. § 846 is sufficient if it alleges:

3

a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege . . . any specific overt act in furtherance of the conspiracy." United States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir. 1981).  In Tavelman, the Ninth Circuit upheld an indictment that alleged the defendants conspired between July 12 and July 20, 1979 to possess cocaine with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1), 846.  Id.  The court in Tavelman distinguished United States v. Cecil, 608 F.2d 1294 (9th Cir. 1979), on which Moore relies here, by noting the indictment in Cecil failed to place the conspiracy in any time frame whatsoever.  Tavelman, 650 F.2d at 1137.  Specifically, the indictment in Cecil alleged a conspiracy "beginning on or before July, 1975, and continuing thereafter until on or after October 1975."  608 F.2d at 1295.

> Count I of the indictment against Moore alleges
>
> between on or about June 1, 2005, and on or about May 11, 2007, in Gallatin County, in the State and District of Montana, and elsewhere, the defendants, TRICE ANTHONY ALPERS and STRIDER LEE MOORE, and others both known and unknown to the grand jury, knowingly and unlawfully conspired and agreed to possess with the intent to distribute, in violation of 21 U.S.C. § 841 (a)(l), a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.

Like the indictment in Tavelman, the indictment against Moore alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute allegedly violated.

4

Moreover, unlike in Cecil, the indictment sets forth the exact dates of the conspiracy. Because the indictment against Moore is sufficient as to each count, Moore's second motion to dismiss is denied.

Alternatively, Moore seeks a bill of particulars setting forth facts or evidence regarding the inception of the alleged conspiracy, Moore's date of entry into the alleged conspiracy, and the identity of unnamed coconspirators. Moore also requests any and all facts to be relied on by the government to prove the offenses charged.

If a defendant finds the indictment unclear or lacking the detail necessary to enable him to prepare an adequate defense, he may move pursuant to Federal Rule of Criminal Procedure 7(f) for an order directing the government to file a bill of particulars. A bill of particulars serves three functions:

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) (citations omitted). A court must determine whether the indictment and all other disclosures made by the government adequately advise the defendant of the charges against him. United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983).

Consequently, when the government provides full discovery there is no need for a bill of particulars.  Id.  Rule 7(f) exists to allow defendants to request that the charge, where necessary, be particularized; it should not be invoked to "force the Government to spread its entire case before the accused." Cooper v. United States, 282 F.2d 527, 532 (9th Cir. 1960).  The government is required to disclose the theory of the prosecution, but it cannot be forced to disclose all the evidence it intends to produce in support of its theory.  United States v. Kendall, 665 F.2d 126, 135 (9th Cir. 1981).  "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved."  Id.

In addition to the indictment in this case, the government provided Moore with over 1000 pages of discovery documenting its investigation of a cocaine distribution ring in and around Bozeman, Montana for over a period of two years.  Included in the discovery is a summary of a statement given by one of Moore's alleged coconspirators, Richard Gatewood.  Gatewood told investigators he received cocaine from Demetrius Williams and would in turn distribute this cocaine to Moore.  Gatewood indicated he gave Moore no more than two ounces of cocaine on three or four occasions between May and August 2005 at a price of $1200 per ounce.  The discovery also contained statements regarding Moore's involvement made by two other alleged

coconspirators.  This information is more than sufficient to enable Moore to prepare an adequate defense to the charges in the indictment.  Moore is not entitled to know all the facts the government intends to rely on to prove its case.  Therefore, Moore's alternative motion for a bill of particulars is denied.

### III.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Moore's Motion To Dismiss For Failure To Connect Defendant To The Conspiracy (dkt #26) is DENIED.

IT IS FURTHER ORDERED that Defendant Moore's Motion To Dismiss Indictment, Or In The Alternative, Demand For A Bill Of Particulars (dkt #25) is DENIED.

Dated this 3rd day of October, 2007.

_____
DONALD W. MOLLOY, Chief Judge
United States District Court